ISRAEL RICHMOND, TRADING AS THE TIRE SHOP, PLAIN-
TIFF, v. THE MILLER RUBBER COMPANY OF NEW
YORK, A CORPORATION, DEFENDANT.

Argued June 28, 1928—Decided July 26, 1928.

For the motion, *Louis Rudner.*

*Contra, Hervey S. Moore.*

The opinion of the court was delivered by

KATZENBACH, J.   This is a motion to strike out a com-
plaint.   The complaint contains four counts.   The defendant
seeks to have stricken out each of the four counts.   The plain-
tiff is a retail dealer in automobile tires and tubes.   The
defendant is a manufacturer of tires and tubes.   On Febru-
ary 10th, 1926, the plaintiff and defendant entered into an
agreement by which the defendant granted to the plaintiff
the right to sell the product known as "Miller casings, tubes
and accessories," in the city of Trenton, New Jersey.   Upon
the back of the agreement and made a part thereof were
certain covenants and conditions.   One of these is that the
contract is not to be construed as constituting the dealer (the
plaintiff) an agent for any purpose other than those stated
in the agreement.   A second agreement was made on the
same day between the parties by which the plaintiff was given
the right to sell in the city of Trenton Miller "geared to the

road, heavy-duty, cord casings and tubes" of certain sizes (excepting to manufacturers of motor vehicles). The covenants and conditions of this agreement provided that the dealer (the plaintiff) has not the exclusive right to sell the company's products in the territory specified.

The first count of the declaration reads as follows:

"1. That for a period of ten years plaintiff and defendant have been under contractual relationship, the terms of which provided that plaintiff was to act as dealer for the defendant's products in the city of Trenton, county of Mercer and State of New Jersey; that these agreements operated as an exclusive agency for the Miller products. That the contract was to expire in 1930. That without any notice, or cause, the said defendant suddenly canceled the aforesaid agreement to the loss of the plaintiff of $10,000."

The plaintiff, complying with a demand for a bill of particulars made by the defendant, predicates this count upon the contention that the written contracts hereinbefore referred to are exclusive agency contracts. This position is not sound. The contracts speak for themselves. Their terms cannot be altered, waived or modified except in writing and with the approval and consent of certain designated agents of the defendant. This is so provided in paragraph 7 of the contracts. This, together with the provisions of the agreements already referred to, is conclusive as to the fact that the contracts were not exclusive. It is an accepted rule of construction that a contract of employment does not give the broker an exclusive agency unless it is so specified either expressly or by implication in the contracts. *Ettinger* v. *Loux,* 96 *N. J. L.* 522; 4 *R. C. L.* 259. For these reasons the first count will be struck out.

The second count is in the following language:

"1. That plaintiff expended large sums of money for advertising purposes and that his damages in this regard is the sum of $1,556.85."

This count, as amplified by the bill of particulars, is a claim for fifty per cent. of the advertising bills of the plaintiff upon the theory that the defendant paid fifty per cent. of the advertising bills of the plaintiff from October 16th,

1925, to January 15th, 1927, which was the approximate date when the plaintiff alleged that the defendant breached its contract. The terms of the contracts above referred to have a paragraph therein relating to advertising. This reads as follows:

"(3) Advertising. The company agrees to supply the dealer with such advertising and selling helps as the company may put out from time to time, such as folders, inserts, hand-bills, picture slides and special stationery bearing the dealer's name, part of these advertising and selling helps to be supplied the dealer free of charge and part to be charged for at a nominal sum, which at no time shall exceed the cost of such material to the company, in addition, the company agrees to assist in planning, upon request, any advertising campaign for increasing the dealer's sales."

This limits the extent to which the defendant was reponsible for advertising under the contract. The plaintiff's contention that it was a trade custom for the manufacturer to pay fifty per cent. of the cost of advertising has no foundation in law. The contract is clear and unambiguous on this subject and cannot be modified by a trade custom in a particular locality. *Rodgers* v. *Rodrock*, 98 *N. J. L.* 490; *Schenck* v. *Griffin*, 38 *Id.* 462. The second count will be struck out.

The third and fourth counts deal with the subject of re-adjustments. They are worded in the following language:

## "THIRD COUNT.

"1. That plaintiff has made repeated demands on defendant for adjustments of tires and to date has received but little satisfaction. That plaintiff, despite the fact that defendant would not make proper adjustments was compelled to make these adjustments with his Miller customers. That plaintiff's damages in this regard is the sum of $812.30.

## "FOURTH COUNT.

"1. Plaintiff has sold many tires and tubes which are coming back to his place of business daily for proper adjustment.

Figured on a basis of ten years' business experience plaintiff's damages will amount to $477.13 on this account."

With respect to readjustments the contracts have an express provision. It is as follows:

"(2) Adjustments. The dealer shall make no adjustments until authorized in writing by the company but shall return to the company at Akron, Ohio, or the company's nearest branch, transportation charge prepaid, all tires and tubes which are received by the dealer for replacement under the ninety-day warranty accompanied by a "Standard Claim Form" filled out in detail and duly signed by the tire owner, it being understood and agreed that the company will, in accordance with its usual adjustment policy, examine said casings and/or tubes, and promptly advise the dealer of its decision."

What the plaintiff desires to do is to recover upon a trade custom where there is a contract in existence between the parties covering the subject-matter complained of by the plaintiff. Upon the authority of the cases already quoted with reference to trade customs the third and fourth counts are bad. They will be struck out.